IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :    CASE NO. 08-02797(ESL)

FREDDIE WILVIND PEREZ COLON               :
HERANIA VARGAS MIRANDA                    :    CHAPTER 7

     Debtors                             :

_____

DONALD F. WALTON,                         :    ADVERSARY NO. 08-00179
United States Trustee                     :

     Plaintiff                           :

v.                                        :

FREDDIE WILVIND PEREZ COLON               :
HERANIA VARGAS MIRANDA                    :

     Defendants                          :

## OPINION AND ORDER

This case came before the court for a trial to determine whether the discharge should be entered in this case in favor of the debtors Freddie Wilvind Perez Colon and Herania Vargas Medina (the "Debtors"). The United States Trustee (the "Plaintiff") filed a complaint on December 18, 2008 objecting to the entry of the Debtors' discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A) and (a)(5), alleging that they knowingly and fraudulently in connection with this case made a false oath or account, and they failed to explain satisfactorily any loss of assets or deficiency of assets to meet the Debtors' liabilities. The Plaintiff argues that the Debtors included in Schedule A a mortgage in favor of Mr. Jose A. Perez Colon, when its underlying debt was owed to Frigorifico Perez Hermanos, Inc. The trial was held on December 6, 2010 (Docket No. 78). At that time the Plaintiff did not present any witnesses and submitted the case on the documentary evidence. The Defendant presented Mr. Jose A. Perez Colon and co-debtor Mr. Freddie Wilvind Perez Colon as witnesses.

**Uncontested Facts**

     1. The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 1st, 2008. The Chapter 7 trustee is Mr. Wigberto Lugo Mender.

2. The Debtors listed in Schedule A certain real property identified as "Urb. Jardines de Cayey II, H 15 Calle Aleli, Cayey." Schedule A indicates that the current value of the Debtors' interest in the property, without deducting any secured claim or exemption, is $121,000. The Debtors identify two secured claims in relation to said property: Popular Mortgage Corp in the amount of $67,716.46 and Jose A. Perez Colon in the amount of $69,724.00.

3. In Schedule D the Debtors listed Jose A. Perez Colon as a secured creditor in the amount of $60,821.67 with an unsecured portion of the debt in the amount of $16,440.46. However, it fails to provide the date the claim was incurred, the nature of the lien, and a description and value of the property subject to the lien.

4. Jose A. Perez Colon is one of co-debtor Freddie Wilvind Perez Colon's brothers.

5. Freddie Wilvind Perez Colon operated a cold store (*frigorifico*).

6. On October 13, 2005 the Debtors executed a mortgage note in favor of Jose A. Perez Colon and Maria de los Angeles Rivera Vazquez in the amount of $69,724.00 secured by a mortgage over the real property listed in Schedule A. On that same date, the Debtors executed Deed of Mortgage number 223, before notary public Eduardo E. Ortiz Rivera in relation to said mortgage note. The mortgage deed was presented for recordation on November 11, 2005, at the Registry of Property of Caguas, First Section, Entry ("Asiento") number 823, Diary number 1119, in relation to property number 11844 of Cayey, and is pending recordation.

7. The Debtors did not receive any monies from Jose A. Perez Colon and/or Maria de los Angeles Rivera Vazquez when the mortgage note was executed.

8. The referred mortgage was created in relation to monies co-debtor Freddie Wilvind Perez Colon owed for merchandise purchased for the cold store. All invoices produced at trial, which were documents produced by the Debtors in support of the debt to Jose A. Perez Colon, are invoices issued not by Jose A. Perez Colon and/or Maria de los Angeles Rivera Vazquez, but by Frigorifico Perez Hermanos, Inc.

9. The debt to Frigorifico Perez Hermanos, Inc. is uncontested.

10. Frigorifico Perez Hermanos, Inc. was at the time of the execution of the mortgage, and still is, an active corporation.

2

11. Jose A. Perez Colon and Maria de los Angeles Rivera Vazquez are the sole shareholders of Frigorifico Perez Hermanos, Inc.

12. Freddie Wilvind Perez Colon has never owned an interest in Frigorifico Perez Hermanos, Inc.

**The complaint**

On December 18, 2008 the United States Trustee filed a complaint against the Debtors objecting to the discharge pursuant to 11 U.S.C. §§ 727 (a)(4)(A) and (a)(5). As to § 727(a)(4)(A) the Plaintiff alleges that the Debtors knowingly and fraudulently, in or in connection with this case, made a false oath or account by listing Jose A. Perez Colon as a creditor in the Schedules when it is clear that Jose A. Perez Colon is not the real creditor, Frigorifico Perez Hermanos, Inc. is. As to § 727(a)(5) the Plaintiff alleges that the Debtors failed to explain satisfactorily the loss of assets or deficiency of assets to meet the Debtors' liabilities, as they could not explain at the meeting of creditors held on June 5, 2008 why a mortgage was created by them on October 13, 2005, if favor of Freddie Wilvind Perez Colon's brother and his wife, while the debt allegedly owed was to a corporation operated by his brother, not to him personally. The Plaintiff further alleges that the Debtors created a lien over their real property without apparent consideration, as the Debtors have not produced any supporting evidence of a debt to Jose A. Perez Colon and Maria de los Angeles Vazquez.

**The trial**

At the trial Mr. Jose A. Perez Colon testified that in view of the debt his brother owed Frigorifico Perez Hermanos, he asked him for collateral and called his attorneys to draft the required documents. He testified that he wanted the note payable to him because Frigorifico Perez Hermanos was not operating.

Freddie Wilvind Perez Colon testified that his education is a high school degree from Miguel Melendez Munoz public high school from 1973. After graduating he worked with his brother Jose A. Perez Colon as a driver in his business Frigorifico Perez Hermanos, Inc. for two years. Afterwards, he worked with his other brother Rafael Perez Colon who also owned a cold store, as a sales person, for three years. Then he started his own business selling fruits and

3

vegetables until 1982 and then he sold meats doing business as Frigorifico Freddie Wilvind Perez Colon. He testified that his brother Jose A. Perez Colon did not have an interest in Frigorifico Freddie Wilvind Perez Colon. Freddie Wilvind Perez Colon operated his cold store until 1998 when it was closed and continued selling on his own, picking up goods at Frigorifico Perez Hermanos, Inc. and delivering them to his clients until August 2003. He never paid the invoices for the merchandise he purchased from his brother and Frigorifico Perez Hermanos, Inc.

Freddie Wilvind Perez Colon further testified that all he knew was that he owed monies to his brother Pepito (nickname of Jose) and showed his failure to understand that his brother's corporation is a different legal entity from his brother. He explained that his brother requested collateral to guarantee the debt and his attorney prepared the necessary documents. He did not participate in such preparation and did not go over the documents before signing them.

## Discussion

The Bankruptcy Code in its Section 727(a)(4)(A) and (5) provides as follows:

(a) The court shall grant the debtor a discharge unless -
...
(4) the debtor knowingly and fraudulently, in or in connection with the case -
(A) made a false oath or account
...
(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

**Section 727(a)(4)(A)**

As above cited, pursuant to 11 U.S.C. §727(a)(4)(A) a debtor can be denied a discharge only if he (i) knowingly and fraudulently made a false oath, (ii) relating to a material fact in the bankruptcy case. Chase v. Harris (In re Harris), 385 B.R. 802, 804 (1st Cir. BAP 2008); 6 Alan N. Resnick and Henry J. Sommer, Collier on Bankruptcy, ¶ 727.04[1][b] (16th Ed. Rel. 115-9/2010). "Once it reasonable appears that the debtor made a false oath, the burden shifts to the debtor to come forward with evidence that she has not committed the offense charged." Harris, 385 B.R. at 804.

In light of the fact that it would be very unlikely for a debtor to admit that his intent was fraudulent, a court may look to all surrounding facts and circumstances. Thus, a finding of actual

4

intent may be based on circumstantial evidence or on inferences drawn from a course of conduct. Collier on Bankruptcy, ¶ 727.02[3][b]. As the Court of Appeals for the Second Circuit stated in Salomon v. Kaiser (In re Kaiser), 722 F.2d 1574 (2d Cir. 1983), circumstances indicating fraud may include such "badges of fraud" as

> the lack or inadequacy of consideration; the family, friendship or close associate relationship between the parties; the retention of possession, benefit or use of the property in question; the financial condition of the party sought to be charged both before and after the transaction in question; the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties or pendency or threat of suits by creditors; and the general chronology of the events and transactions under inquiry.

A transfer to a relative can be indicative of fraud as can be the debtor's retaining possession of the property after the transfer, and a gratuitous transfer. Collier, ¶ 727.02[3][b].

The Plaintiff argues that in this case the "badges of fraud" set forth above are met. They argue that Freddie Wilvind Perez Colon transferred property of the estate, to his brother, for no consideration. However, that was not exactly what happened. Freddie Wilvind Perez Colon executed a mortgage lien over his home in favor of his brother, thereby eliminating the equity the property had before the mortgage was created, but there was consideration for such lien. The problem here is that the lien should have been executed in favor of the corporation to which the money was owed; Frigorifico Perez Hermanos, Inc. The Plaintiff does not dispute that monies were owed to Frigorifico Perez Hermanos, Inc. Jose Perez Colon and his wife are the sole stockholders of such corporate entity. They required that the mortgage be made in their favor and Freddie Wilvind Perez Colon did not have the sophistication to know that his debt was owed to the corporate entity and not to his brother and sister in law. This court believes that to co debtor Freddie Wilvind Perez Colon, his brother and his corporation were one and the same. He did what his creditor required. Therefore, there was no fraudulent intent in the execution of the mortgage lien in favor of his brother.

**Section 727(a)(5)**

Pursuant to this Section the plaintiff must establish the following: (1) that the debtors have experienced a loss of assets or deficiency of assets; and (2) that the debtors cannot provide a satisfactory explanation for such loss. Collier, ¶ 727.08. The plaintiff has the initial burden to

establish that the debtor no longer has assets that he previously owned and once this has been proven, it is up to the debtor to provide a satisfactory explanation for the loss or deficiency of the asset. Aoki v. Atto (In re Aoki), 323 B.R. 803, 817 (1st Cir. BAP 2005).

The Plaintiff in this case established that the Debtors owned real estate with certain equity before the lien in favor of Jose A. Perez Colon and his wife was created, thus the first prong is met. However, the Debtors satisfactorily explained that the lien was created as required by Jose A. Perez Colon to guarantee the debt to his business. In fact, even though the lien was executed in favor of Jose A. Perez Colon and his wife, when no monies were owed to them personally, there was no real loss of assets because the Plaintiff agrees that a transfer of assets (the execution of the lien) would have been made in favor of Frigorifico Perez Hermanos, Inc. instead.

## Conclusion

In light of the aforestasted the Plaintiff's request for the denial of discharge is hereby denied. Judgment shall be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 20th day of April 2011.

Enrique S. Lamoutte
United States Bankruptcy Court

6